IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ENRIQUE CRISTAIN | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:16-cv-2462 |
| | § | |
| HUNTER BUILDINGS & | § | |
| MANUFACTURING, LP | § | |
| Defendant. | § | JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Luis Enrique Cristain ("Plaintiff" or "Cristain"), and complains of HUNTER BUILDINGS & MANUFACTURING, LP ("Defendant" or "Hunter"), and for his cause of action would show the Court as follows:

INTRODUCTION

1. This action seeks equitable relief, actual, compensatory, and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623(a), the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code §21.051, and the Texas Labor Code 451.001, et seq.

2. Plaintiff demands a jury on all issues triable to a jury.

PARTIES

3. Plaintiff Luis Enrique Cristain is a resident of Harris County, Texas.

4. Defendant Hunter Buildings & Manufacturing, LP. is a foreign corporation with a principle office in Texas. It operates for profit in Texas. It may be served with process through its registered agent for service Mark H. Massey, 14935 Jacintoport Blvd., Houston, Texas 77015.

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it

is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7. The Court has personal jurisdiction over Defendant since Defendant operates a principle business in the State of Texas, regularly conducts business in the State of Texas, and has the necessary minimum contacts with the State of Texas.

8. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

9. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

10. This Court has jurisdiction over all claims in this matter.

## PROCEDURAL REQUISITES

11. On or about July 29, 2015, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed an amended charge on or about August 11, 2015.

12. On or after May 13, 2016, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court.

13.     This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

14.     All conditions precedent to filing this cause of action have been met.

## FACTS

15.     Plaintiff was hired by Hunter in August of 2014.  He worked building portable buildings. Plaintiff was over fifty years old and was the oldest person on his work team by more than ten years. Throughout his time there Plaintiff was subjected to comments about his age, being called "old man", and similar behavior.  He also witnessed co-workers making fun of an older worker, about 70-years old, on a regular basis because of his age.  Upon information and belief the other older worker was terminated in or near January 2015.

16.     On February 5, 2015, Plaintiff was injured on the job while working on a scaffolding. The scaffolding had been placed on a false floor within the portable unit and Plaintiff was atop the scaffolding working on the ceiling of the unit. The scaffolding foot went through the floor, causing Plaintiff to be thrown against the scaffolding. He was able to grab a beam near the top of the unit as the scaffolding fell and held on until his co-workers brought a ladder several minutes later. Plaintiff was able to climb down but had sustained injury to his back, hip, and leg.  Plaintiff reported his injury to his supervisor. Plaintiff requested emergency medical attention but was told he would have to wait until the plant safety supervisor, Kevin Edmonds, arrived.

17.     After almost two hours the plant supervisor arrived. He took Plaintiff to the company doctor. Plaintiff missed the next couple of days of work but the company doctor did not release him to miss work, so Plaintiff returned to work.  Plaintiff asked to see a different doctor but was told he was not allowed to do so.  Plaintiff saw the company doctor a couple of times during the next couple of weeks.  Each time the safety supervisor Edmonds drove Plaintiff to the doctor's

office. On those trips he made comments that Plaintiff would not be having difficulty dealing with accident and its effects if not for his age.

18.     Plaintiff worked light duty from February 13 to February 20, 2015.  On February 20, 2015, Plaintiff was called in to a meeting by Kevin Edmonds, was handed a piece of paper, and was told to sign the paper.  Plaintiff, for whom Spanish is his native language, said he did not understand the document and refused to sign. Edmonds finally told Plaintiff it was a termination document. Plaintiff said he did not want to lose his job and would work hurt.  Edmonds told him he was old and not worth anything, and to sign the paper. Plaintiff refused to sign the document and Edmonds told Plaintiff to leave his office or he would call the police.  Plaintiff then went to Human Resources where he was ultimately told that if he refused to sign the document it would be signed for him.  Plaintiff was terminated.

19.     Plaintiff did not have any disciplinary or performance problems during his time at Hunter before the injury.  After the injury Hunter's treatment of Plaintiff became very harsh and critical, including criticizing Plaintiff for taking a brief bathroom break.

20.     Defendant's actions against Plaintiff, up to and culminating in Plaintiff's termination, were motivated in whole or in part by age discrimination and were done in retaliation for Plaintiff's need to avail himself of worker's compensation coverage.

FIRST CAUSE OF ACTION -
Age Discrimination

21.     Plaintiff reasserts and incorporates by reference herein all the facts and allegations set forth above.

22.     Defendant is an employer as defined in 29 U.S.C. §630 and Tex. Lab. Code 21.002.

23.     Plaintiff was over the age of 40. At all relevant times he was qualified for the position he

held.

24. Defendant subjected Plaintiff to an adverse employment action, namely, harassment and termination. Defendant subjected Plaintiff to comments indicating a discriminatory attitude toward older workers, held Plaintiff to a higher standard that it did other workers outside the class, applied the rules more stringently, and issued more severe discipline than Defendant did to younger employees. Defendant expressly pointed out Plaintiff's age as a basis for its action during the termination process. Defendant unlawfully discriminated against Plaintiff on the basis of age in violation of 29 U.S.C. 623 and Tex. Lab. Code §21.051.

25. As a result of Defendant's unlawful acts Plaintiff has suffered and continues to suffer damages in the form of lost pay, as well as for mental anguish and related damages.

## SECOND CAUSE OF ACTION –
### Worker's Compensation Retaliation

26. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully written herein.

27. Plaintiff was terminated fifteen days after reporting an on-the-job injury to Defendant. Plaintiff had not been disciplined or had any performance counseling prior to his injury. Defendant terminated Plaintiff in retaliation for his filing a good-faith worker's compensation claim, or for injuring himself on the job and needing worker's compensation benefits, in violation of Tex. Lab. Code 451.001. As a result of Defendant's retaliation, Plaintiff has suffered loss of wages, bonuses and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering.

## ATTORNEYS' FEES

28. Plaintiff is entitled to recover attorney's fees and costs for bringing this action as allowed by the appropriate statutes

<u>JURY DEMAND</u>

29. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

<u>RELIEF REQUESTED</u>

30. Plaintiff prays for the following relief:

    a. For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

    b. For compensatory damages, punitive damages, and liquidated damages as allowed by law;

    c. For attorneys' fees;

    d. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

    e. For pre-judgment and post-judgment interest as allowed by law;

    f. For costs of court, costs of prosecuting Plaintiff's claim; and

    g. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE HANSEN LAW FIRM, P.C.

*/s/ Jakki A. Hansen*
Jakki A. Hansen
Attorney-in-Charge
State Bar No. 24000886
SD TX No. 32213
10190 Katy Freeway, Ste 440
Houston, Texas 77043
Telephone: (281) 888-4364
Facsimile: (888) 492-9819
*jhansen@hansenlawfirmpc.com*

ATTORNEY FOR
PLAINTIFF LUIS ENRIQUE CRISTAIN